**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                    CASE NO:  8:02-cr-484-T-30TGW

SAM B. FREDERICK, JR.
_____/

## ORDER

The Defendant in this case, having been sentenced prior to November 1, 2007, filed *pro se* motions seeking a reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 706 and 709 [Dkts. 41and 43].   The United States Sentencing Commission has promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses in many cases for eligible defendants sentenced on or after November 1, 2007.  The Commission later decided this Amendment should be applied retroactively to defendants sentenced before November 1, 2007.

Defendant pled guilty to a two count indictment alleging (1) Count One - conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(b)(1)(C); and (2) Count Two - felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924 (e)(1). The Court determined that the defendant was responsible for the distribution of 2.6 grams of cocaine base and possessed a firearm as a convicted felon.  Since the defendant was convicted of more than one count, the Court applied the grouping rules found at USSG § 3D1.1 - 3D1.5. Based on the guideline calculations and the application of the grouping rules, the defendant's

offenses were grouped together and calculated under USSG § 2K2.1. The total offense level, subsequent to a three level decrease for acceptance of responsibility was 27. However, the Court also determined that the defendant was a career offender pursuant to USSG § 4B1.1 and an armed career criminal pursuant to USSG § 4B1.4. Based on review of both of these sections, the Court applied the armed career criminal enhanced guidelines. The defendant's total enhanced offense level, subsequent to a three level decrease for acceptance of responsibility, was 31 with a criminal history category of VI. The enhanced guideline range was 188 to 235 months imprisonment. The Court sentenced the defendant to two hundred and eleven (211) months imprisonment as to both counts, with the terms running concurrently.

At the time of sentencing, the defendant was found to be an armed career criminal as defined at USSG § 4B1.4. Because the defendant's guideline calculations are dictated by the armed career criminal provisions, Amendment 706 would not have the effect of reducing the defendant's guideline calculations. Therefore, a reduction in the Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c).

IT IS therefore ORDERED and ADJUDGED that the Defendant's motions for a reduction of sentence [Dkts. 41and 43] are DENIED.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Defendant:    Sam B. Frederick, Jr., #40638-018
              Coleman FCI Medium
              P.O. Box 1032
              Coleman, FL 33521-1032
U.S. Probation
Bureau of Prisons