**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO.: 8:02-cr-484-T-30TGW
    CASE NO.: 8:08-cv-2519-T-30TGW

SAM B. FREDERICK, JR.
_____/

# ORDER

Before the Court is Defendant's *pro se* "Title 18 U.S.C. Section 3582(c)(2), Motion According to 433 U.S.S. Guideline Amendment 433" [Crim. Dkt. 52] and Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Crim. Dkt. 51, Civ. Dkt. 1]

Defendant pled guilty to a two count indictment alleging (1) Count One - conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(b)(1)(C); and (2) Count Two - felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924 (e)(1). The Court determined that the Defendant was responsible for the distribution of 2.6 grams of cocaine base and possessed a firearm as a convicted felon. Since the Defendant was convicted of more than one count, the Court applied the grouping rules found at USSG § 3D1.1 - 3D1.5. Based on the guideline calculations and the application of the grouping rules, the Defendant's offenses were grouped together and calculated under USSG § 2K2.1. The total offense level, subsequent to a three level decrease for acceptance of responsibility was 27. However, the Court also determined that the Defendant was a career offender pursuant to USSG § 4B1.1 and an armed career criminal pursuant to USSG § 4B1.4. Based on review of both of these

sections, the Court applied the armed career criminal enhanced guidelines. The Defendant's total enhanced offense level, subsequent to a three level decrease for acceptance of responsibility, was 31 with a criminal history category of VI. The enhanced guideline range was 188 to 235 months imprisonment. The Court sentenced the defendant to two hundred and eleven (211) months imprisonment as to both counts, with the terms running concurrently.

The Defendant previously set forth a motion [Crim. Dkts. 41 and 43] seeking a sentencing reduction under 18 U.S.C. §§ 3582(c)(2). The Defendant argued that he was improperly enhanced as a career and armed career offender. The Court entered an order on July 11, 2008 [Crim. Dkt. 44] denying the Defendant's motions. Defendant filed an appeal of that order. On January 20, 2009, the United States Court of Appeals issued an order affirming the district court's denial of Defendant's motions.

The Defendant now argues that based upon the *Archer* case, the Defendant would not be classified as an armed criminal and would be eligible retroactively for a sentence reduction pursuant to 18 U.S.C. 3582(c)(2). The *Archer* case, *United States v. Archer*, 531 F.3d. 1347 (11th Cir. 2008), determined that the charge of Carrying a Concealed Firearm is not a crime of violence; therefore, a defendant could not be deemed a career offender if one of the convictions used to determine his eligibility under this enhancement was the charge of Carrying a Concealed Firearm. Defendant does not have a prior conviction for the charge of Carrying a Concealed Firearm. Thus, the *Archer* case does not apply to the Defendant. Furthermore, the Archer case is not retroactive.

IT IS therefore ORDERED and ADJUDGED that Defendant's *pro se* "Title 18 U.S.C. Section 3582(c)(2), Motion According to 433 U.S.S. Guideline Amendment 433" [Crim. Dkt. 52] and Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Crim. Dkt. 51, Civ. Dkt. 1] are DENIED. The Clerk of Court shall terminate any pending motions in Case No.: 8:08-cv-2519-T-30TGW and close the case.

**DONE** and **ORDERED** in Tampa, Florida on February 2, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Defendant:       Sam B. Frederick, Jr., #40638-018
                 Coleman FCI Medium
                 P.O. Box 1032
                 Coleman, FL 33521-1032
U.S. Probation
Bureau of Prisons